UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NANCY DIDONATO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:11-CV-00118 |
|  | ) |  |
| DARYL DOCHROEDEN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

Presently before the Court is a motion to dismiss this action for lack of subject matter jurisdiction [Doc. 6] filed by Daryl Dochroeden ("Defendant"). Nancy DiDonato ("Plaintiff") filed a response to the motion to dismiss [Doc. 10]. Having fully considered the arguments set forth by each party, the Court denies Defendant's motion to dismiss.

### Discussion

On January 19, 2011, Plaintiff filed a two count complaint against Defendant alleging the torts of conversion and trespass to chattels. Plaintiff alleges that this court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), which requires diversity of citizenship between the parties and an amount in controversy in excess of $75,000. Defendant claims this court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.

Plaintiff alleges that the value of the property at issue in this case is $35,000. Plaintiff also seeks punitive damages in both counts of the complaint. In each count, Plaintiff seeks

punitive damages in an amount three times the actual damages, for a total of $105,000. Plaintiff therefore contends that the amount in controversy exceeds $75,000.

"Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (internal citation omitted). Punitive damages are included in determining the amount in controversy. *Id.* at 389 (citing *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)). However, a Plaintiff must be able to recover the alleged punitive damages under state law.[1] *See Larkin*, 41 F.3d at 389. Otherwise, the alleged punitive damages are disregarded for purposes of establishing the amount in controversy. *Id.*

Under Missouri law, "[p]unitive damages are appropriately awarded when a person intentionally converts property with an evil motive or with reckless indifference to the rights of others." *Collins v. Trammell*, 911 S.W.2d 635, 639 (Mo. App. E.D. 1995). The Eighth Circuit, relying on *Burnett v. Griffith,* 769 S.W.2d 780, 787 (Mo. 1989), recognized this standard in *Larkin*, stating:

> Under Missouri law, 'punitive damages require a showing of a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act or reckless disregard (from which evil motive is inferred) for an act's consequences.... It is not so much the commission of the intentional tort as the conduct or motives-the defendant's state of mind-which prompted its commission that form the basis for a punitive damage award. Plaintiff must prove that defendant's evil hand was guided by an evil mind.'

*Larkin*, 41 F.3d at 389.

---

[1] *See Gander v. FMC Corp.*, 892 F.2d 1373, 1382 (8th Cir. 1990)(quoting *Losey v. N. Am. Philips Consumer Elec. Corp.*, 792 F.3d 58, 61-62 (6th Cir. 1996))("'[T]he law is perfectly clear that when a tort action is brought in federal court pursuant to diversity jurisdiction, basing liability on state law, the court must apply state law in regard to availability and computation of damages.'")

In the present case, Plaintiff alleged in the complaint that Defendant's actions "are intentional and willful actions done with the purpose of depriving her of property rights . . ." Obviously, the issue of whether Defendant's alleged actions constituted willful conduct is ultimately a question for the trier of fact to determine, however, Plaintiff has sufficiently pleaded facts to be able to recover punitive damages under Missouri law. Therefore, the Court will include Plaintiff's alleged punitive damages in determining the amount in controversy.

Plaintiff seeks punitive damages in each count "in the amount of three times her actual damages." Plaintiff alleged that the value of the items at issue is $35,000; therefore, the amount of the alleged punitive damages is $105,000 for each count. This amount exceeds the statutory threshold of $75,000. *See* 28 U.S.C. § 1332(a). Therefore, this Court has subject matter jurisdiction of this case.

## Conclusion

Based on the above analysis, the Court finds that Defendant's Motion to Dismiss is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**. [Doc. 6]

Dated this 10th day of June, 2011.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE