UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **NANCY DIDONATO,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-00118NAB |
| **DARYL DOCHROEDEN,** | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS COUNTERCLAIMS

Presently before the Court is a motion to dismiss counterclaims filed by Nancy DiDonato ("Plaintiff"). [Doc. 17]. Daryl Dochroeden ("Defendant") did not file a response to the motion. Having fully considered the arguments set forth by Plaintiff, the Court denies Plaintiff's motion to dismiss.

### Factual and Procedural Background

This dispute arises from the Randy Bruemleve's ("Bruemleve") eviction from a residence owned or managed by Defendant. Defendant alleges that he evicted Bruemleve pursuant to a state court eviction order. On January 19, 2011, Plaintiff filed a two count complaint in this Court against Defendant alleging the torts of conversion and trespass to chattels.[1] Plaintiff claims that Defendant unlawfully took and retained possession of items belonging to her and has refused to return the items. After this Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction, *see* Doc. 13, Defendant answered the complaint and asserted two counterclaims against Plaintiff, one count of unjust enrichment and one count of trespass.

---

[1] This case was brought in this Court under diversity jurisdiction. Plaintiff is a citizen of Illinois; Defendant is a citizen of Missouri and the amount in controversy exceeds $75,000.

**Discussion**

Plaintiff argues that the counterclaims asserted by Defendant are barred by the doctrine of *res judicata* because the claims should have been asserted in the state court eviction action that Defendant brought against Bruemleve. The Court finds that Plaintiff has failed to establish the existence of the state court judgment and denies the motion to dismiss.

Cases "from this circuit have consistently concluded that [the res judicata or] collateral estoppel [effect of a prior judgment] in a diversity action is a question of substantive law controlled by state common law." *Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997) (quoting *Austin v. Super Valu Stores, Inc.,* 31 F.3d 615, 617 (8th Cir.1994) (alterations in original)). Therefore, this Court will apply Missouri law to resolve the *res judicata* issue raised by Plaintiff.

Under Missouri law, "[t]he doctrine of res judicata, also referred to as claim preclusion, is 'a judicially created doctrine designed to inhibit a multiplicity of lawsuits.'" *Taylor v. Compere*, 230 S.W.3d 606, 610 (Mo.App. S.D. 2007) (citing *Hollida v. Hollida,* 190 S.W.3d 550, 554 (Mo.App. S.D. 2006)). "The res judicata defense precludes not only those issues on which the court in the former suit was required to pronounce judgment, but on all points properly belonging to the subject matter of the litigation and which the parties, exercising reasonable diligence, might have brought into the case at the time." *Hollida,* 190 S.W.3d 550 (citing *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo.banc 2002)). Res judicata is an affirmative defense which may be raised in a motion to dismiss if the action would be rendered groundless by uncontroverted facts. *Terra Du Lac Ass'n, Inc. v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 212 (Mo.App. E.D. 1987) (citation omitted). "It is, in essence, an allegation that plaintiff has failed to state a claim upon which relief may be granted." *Id.* (citation omitted).

The party asserting a *res judicata* defense, "ha[s] to prove, at the very least, the judgment relied on." *Blunt v. Gillette*, 124 S.W.3d 502, 504 (Mo.App. S.D. 2004) (quoting *Williams v. Williams,* 497 S.W.2d 415, 417 (Mo.App. 1973). "Absent such evidence or showing that the court could properly take judicial notice of the judgment, it is error to sustain a motion based solely on allegations contained therein." *Blunt*, 124 S.W.3d at 504 (citing *Williams,* 497 S.W.2d at 417). As the court explained in *Williams*:

> Setting forth a judgment as *res judicata* in bar of a cause of action, is tantamount to saying that the judgment is not subject to collateral attack. However, motions and other pleadings do not prove themselves. Proof is required and the burden rests upon the party filing the motion to prove its allegations. When the motion to dismiss is predicated on *res judicata*, the least evidence necessary to support the contention is the judgment relied on, and [absent] such evidence or a showing that the court may properly take judicial notice of the judgment, it is error to sustain the motion of its allegations alone.

*Williams,* 497 S.W.2d at 417 (internal citations omitted). When she filed the motion to dismiss, Plaintiff did not include a certified copy of the judgment that she argues precludes the counterclaims that have been asserted against her. *See Blunt*, 124 S.W.3d at 504 (court records used as evidence in other proceedings must be certified by the court clerk). Furthermore, a circuit court in Missouri is without authority to take judicial notice of a judgment rendered in a different circuit court. *See Blunt* 124 S.W.3d at 504; *Pogue v. Associated Elec. Co–op., Inc.,* 760 S.W.2d 169, 171 (Mo.App. S.D. 1988); *Williams,* 497 S.W.2d at 417. Since this Court is bound by Missouri law in resolving the *res judicata* issue, the Court must adhere to this same principle. *See Hillary*, 123 F.3d at 1043 (state law governs *res judicata* issue in diversity action). Therefore, the Court cannot take judicial notice of a judgment rendered by a different court in this state.

The Court therefore finds that Plaintiff has failed to prove the judgment relied on as the basis for her *res judicata* defense and her motion to dismiss the counterclaims is denied.

3

**Conclusion**

Based on the above analysis, the Court finds that Defendant's Motion to Dismiss should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counterclaims is **DENIED**.  [Doc. 17].


Dated this 13th day of September, 2011.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE